THOMAS V. GILLMAN, Appellant, v. DAVE L. BENSTOCK, INC., DAVE L. BENSTOCK and JANE BENSTOCK, Respondents.— Action by a director who is also a judgment creditor of the defendant corporation, brought under sections 60 and 61 of the General Corporation Law to compel restitution to the defendant corporation of funds alleged to have been unlawfully wasted by the individual defendants. Judgment dismissing the complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

SAMUEL GOLDBERG, RUTH GOLDBERG and DOROTHY GOLDBERG, Appellants, v. THEODORE E. HOMMEL, Respondent.— Order granting defendant's cross-motion in a negligence action to examine plaintiff Samuel Goldberg before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Defendant seeks to examine plaintiff Samuel Goldberg as to matters upon which plaintiffs have the burden of proof. Such an examination is not permitted in the absence of proof of some special or unusual circumstances showing defendant is entitled thereto. (*Parkin* v. *Unity Protective Ins. Assn., No. 1*, 218 App. Div. 842.) Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.

PAULINE LAURA HERSCH and LAURA P. WULFFART, Appellants, v. SOUTH BROOKLYN RAILWAY COMPANY, Respondent.— Appeal from judgment dismissing the complaint at the close of the plaintiffs' case in an action brought to recover damages for personal injuries sustained by plaintiffs, resulting from a collision between an automobile and defendant's trolley car. Judgment reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. We are of the opinion that plaintiffs made out a *prima facie* case requiring submission to a jury. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

ERLING HOLSBO, Respondent, v. D/S A/S BANANFART, Appellant.— Order on reargument, modifying in certain respects an order granting, upon condition, defendant's motion to open its default, reinstating defendant's answer in part, but otherwise adhering to the original order, modified by reinstating, also, the additional defenses designated fifth, sixth and seventh, and as so modified affirmed, with ten dollars costs and disbursements to respondent, the cause to be placed on the Trial Term day calendar for Monday, May 10, 1937, with the consent of the justice presiding; upon condition that within five days from the entry of the order hereon defendant pay plaintiff's attorney $500 and stipulate to waive any defense of the Statute of Limitations contained in any Norwegian law in the event that it be found that plaintiff must be relegated to the Norwegian law for a remedy for his claimed grievances. Should defendant fail to comply with these conditions, the order is affirmed, with ten dollars costs and disbursements to respondent. Appeal from original order dismissed. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.